## No. 21064.

John C. Greathouse, et al. *v.* Jasper D. Jones, et al.
(408 P.2d 439)

Decided December 6, 1965.

Richeson & Lawler, for plaintiffs in error.

Salazar & DeLaney, Carl L. Harthun, for defendants in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

In the trial court the plaintiffs in error in this court were the plaintiffs and the defendants in error were the defendants. The parties hereto will accordingly be referred to either as they appeared in the trial court, or by name.

Plaintiffs brought an action in fraud and deceit against Jasper Jones and his wife, Pinnie Jones. In the complaint the plaintiffs alleged that they bought from the defendants a business known as the Horse Car Inn for a total purchase price of $40,000. It was further alleged that in connection with the sale the defendants represented to the plaintiffs that the Horse Car Inn was worth $40,000 and that the business was and had been for the preceding twenty-one months grossing approximately $7,000 per month in liquor sales. These representations, according to plaintiffs, were of "material existing facts" and were false in that the business was and had been grossing only $3,500 per month in liquor sales and therefore the business was only worth about $5,000. Finally it was averred that the defendants had knowledge that these representations were false; that the plaintiffs were ignorant of their truth or falsity; and that the plaintiffs in purchasing the Horse Car Inn relied upon the defendants' aforementioned representation to their damage. Accordingly, plaintiffs prayed for $35,000 by way of actual damage, as well as for $10,000 exemplary damages.

By their answer the defendants admitted the sale by them of the Horse Car Inn to the plaintiffs for $40,000,

but in connection with the sale denied any and all fraud or deceit on their part.

Trial of this matter was had to the court, sitting without a jury, and culminated in the entry of a judgment for the defendants and against plaintiffs on their complaint. It is this judgment which plaintiffs now seek to reverse.

■ In our view this judgment must be reversed and the cause remanded with directions that the trial court make such findings of fact and conclusions of law as will comply with Rule 52(a), R.C.P. Colo. and which at the same time will then enable us to properly perform our function as a reviewing court. See *Songster v. Songster,* 150 Colo. 466, 374 P.2d 197; and *Mowry v. Jackson,* 140 Colo. 197, 343 P.2d 833.

A perusal of the findings and conclusions which were made by the trial court indicates to us that there was no express finding of either "fraud" or "no fraud" on the part of the defendants. It is true that the trial court did find that the plaintiffs were "misled" by the defendants to the extent that there was a basis for rescission of the contract of sale, but the trial court then went on to observe in this same connection that the plaintiffs had not elected to rescind the contract between the parties, but on the contrary had affirmed the contract and then sought damages.

The balance of the findings and conclusions as made by the trial court relate to the supposed inability of the plaintiffs to prove damages in the manner desired by the trial court. In this regard the trial court was apparently concerned with the fact that plaintiffs were unable to prove "by competent evidence the amount of income received subsequent to the date of purchase by the plaintiffs" and hence the trial court was unable "to know whether or not the income actually amounted to the $7,000 that the guarantee, so-called, provided for." The trial court concluded its remarks by stating that inasmuch as the plaintiffs had failed to prove by a pre-

ponderance of the evidence that they "did not in fact have an income averaging $7,000 [per month] . . . . [they] failed to prove any damages."

■■ From this and other comments by the trial court which were of a like vein, it is quite apparent that the trial court was not applying the proper measure of damages to the factual situation before it. As was said in *Otis v. Grimes*, 97 Colo. 219, 48 P.2d 788, the measure of damages in such a situation is the difference between the actual value of the property and what its valuation would have been had the false representation been true. See, also, *Corder v. Laws*, 148 Colo. 310, 366 P.2d 369 and *Shirley v. Merritt*, 147 Colo. 301, 364 P.2d 192.

Even though it is evident that the trial court did not have in mind the proper measure of damages, this fact, nevertheless, does *not* warrant a remand of the matter with the direction that the trial court should proceed to enter judgment for the plaintiffs in such amount as is permitted under the evidence and the aforementioned rule pertaining to the measure of damages. This is true because in our view the trial court did not make *any* finding as to whether there was, or was not, actionable fraud on the part of these defendants, or either of them. By concerning itself with the issue as to the amount of damage before it had made any determination that the defendants were otherwise guilty of actionable fraud, the trial court has in a sense placed the cart before the horse. From the standpoint of an orderly disposition of the controversy it is suggested that the trial court should first have determined whether there was any actionable fraud on the part of these defendants, or either of them. For a definition of actionable fraud, see *Corder v. Laws, supra; Ginsberg v. Zagar*, 126 Colo. 536, 251 P.2d 1080; and *Morrison v. Goodspeed*, 100 Colo. 470, 68 P.2d 458. Had it been determined that there was no actionable fraud, such finding would have ended the matter at the trial level. If, however, the trial court

had determined that there was actionable fraud on the part of the defendants, or either of them, then the trial court would have been called upon to determine the amount of damages suffered by the plaintiffs.

Nor is this court permitted to make any such finding of fact, for the rather obvious reason that we are not a fact-finding body. The issue as to whether all the essentials in a charge of fraud were made out in the instant case poses a controverted issue of fact which should be resolved by the trier of the facts, *i.e.*, the trial court.

Nothing contained herein should be interpreted as any indication by this court that the plaintiffs have — or have not — proved actionable fraud on the part of the defendants. As stated before, this is a matter to be passed upon by the trial court.

The judgment is therefore reversed and the cause remanded with the direction that the trial court make further findings of fact and conclusions of law and to then enter a judgment consonant with such findings and conclusions.

MR. JUSTICE SUTTON and MR. JUSTICE SCHAUER concur.