595 P.2d 272 (1979)
Kenneth L. VARADY, and Wanda Y. Varady, Plaintiffs-Appellants,
v.
Robert J. WHITE, and Marilyn I. White, Defendants-Appellees,
v.
James L. MARR, Public Trustee of Douglas County, Colorado, Third-Party Defendant.
Nos. 78-278, 78-533.
Colorado Court of Appeals, Div. I.
April 26, 1979.
Bosworth & Slivka, Richard P. Slivka, John M. Franks, Denver, for plaintiffs-appellants.
*273 George F. Elsner, Castle Rock, for defendants-appellees.
PIERCE, Judge.
Plaintiffs, Kenneth and Wanda Varady, brought this action against defendants, Robert and Marilyn White, alleging that defendants and their agents made certain fraudulent misrepresentations which induced plaintiffs to purchase defendants' home. Plaintiffs also alleged that defendants failed to make the disclosures required of them under Colorado's version of the Uniform Consumer Credit Code, § 5-1-101, et seq., C.R.S.1973. The trial court found 1) that defendants made no material misrepresentations upon which plaintiffs relied and 2) that the UCCC did not apply. Plaintiffs appeal, and we affirm in part, reverse in part, and remand for a new trial on the UCCC issue.
In July of 1976, plaintiffs began exploring the possibilities of moving from Arkansas to the Denver area. They contacted a Denver real estate agent, and he brought them into contact with the Whites, who owned a home in Franktown which they wished to sell. Plaintiffs claim that the Whites and the agent made various misrepresentations about the house, including inaccurate statements about the distance to the nearest hospital and school, the square footage of the house, and the existence of a utility easement on a portion of an access road.
Plaintiffs signed a receipt and option contract for the house, and put a total of $25,000 down, executing a note to the Whites for the balance of $135,000, secured by a second deed of trust. Shortly after they moved into the house in August of 1976, plaintiffs claim they discovered the falsity of the representations, and they made oral and written requests for rescission. Defendants refused, and this action followed.
Plaintiffs first argue that the trial court erred in concluding that defendants made no material misrepresentations inducing plaintiffs' purchase. However, the questions of misrepresentation and reliance are questions of fact, and the findings on these issues will not be disturbed on review where, as here, they are supported by the evidence. See Linley v. Hanson, 173 Colo. 239, 477 P.2d 453 (1970); Dozier v. Twin Peak Ranch, Inc., 161 Colo. 582, 424 P.2d 368 (1967).
However, we agree with plaintiffs that the trial court erred when it concluded that the transaction in question was exempt from the rescission provisions of the UCCC under § 5-5-204(5), C.R.S.1973. That section provides that the rescission remedy "does not apply to the creation or retention of a first lien against a dwelling to finance the acquisition of that dwelling." The trial court found that this first lien exemption applied because "[i]t was the intention of the parties that the loan [be] a First Deed of Trust . . . ." (emphasis by trial court.)
However, while the evidence was uncontradicted that plaintiffs used the proceeds of the loan to acquire the house, the evidence was equally uncontradicted that plaintiffs' obligation to defendants was secured by a second deed of trust, a first deed of trust having already been executed by defendants in favor of a credit union. Plaintiffs' own attorney, who handled the closing, testified that defendants' credit union obligation had neither been paid off, assumed, nor released at the time of the sale, and that the property as sold was thus subject to the first deed of trust.
Under these circumstances, the intent of the parties with respect to the question of whether defendants retained a first or second lien is irrelevant. Only a second lien was retained. Thus, the exemption provision of § 5-5-204(5), C.R.S.1973, does not apply, and rescission is an available remedy. See Littlefield v. Walt Flanagan & Co., 498 F.2d 1133 (10th Cir. 1974); French v. Wilson, 446 F.Supp. 216 (D.R.I.1978).
Defendants, however, argue that the trial court's conclusion with respect to the inapplicability of the UCCC can be supported on the alternate ground that defendants were not "regularly engage[d] in credit transactions of the same kind," and that the transaction here was therefore not a "consumer *274 credit sale" under § 5-2-104(1)(a), C.R.S.1973. There was some evidence indicating that defendants made a number of sales of a similar kind prior to plaintiffs' purchase. However, the trial court failed to make any findings of fact or conclusions of law with respect to this question, and it is apparent that it based its conclusion on the first lien exemption, and not on any implied finding that the transaction was not a consumer credit sale. Under these circumstances, we will not address the consumer credit sale issue for the first time on appeal. See In Re Estate of Plazza, 34 Colo.App. 296, 526 P.2d 155 (1974). Instead, because of the lack of findings, we remand the cause for a new trial on this issue.
We have reviewed the balance of plaintiffs' contentions and find them to be without merit.
The judgment with respect to plaintiffs' claim for fraud and misrepresentation is affirmed, the balance of the judgment is reversed, and the cause is remanded with directions that the trial court 1) reinstate the claim for rescission under the UCCC and 2) determine whether the sale was a "consumer credit sale" within the meaning of § 5-2-104(1)(a), C.R.S.1973.
COYTE and KELLY, JJ., concur.