Dennis G. JASKEN d/b/a Jasken Masonry, Plaintiff-Appellee,

v.

SHEEHY CONSTRUCTION COMPANY, Defendant-Appellant.

No. 80CA1261.

Colorado Court of Appeals, Div. I.

Feb. 25, 1982.

54(b) as to its finality apart from remaining issues, it shall be appealable only as a separate judgment of that date."

his materials and had worked his crew two days on the job, the defendant advised plaintiff that some of the union employees on the project were contemplating picketing the project if plaintiff's non-union employees were not taken off the project. Defendant then "requested that plaintiff terminate his employment on the job and leave all materials ordered on the site for use by a replacement masonry contractor." Plaintiff removed his workers from the job site with the understanding that he would be "fully reimbursed for all of his expenses and losses." The parties later could not reach an agreement and this suit followed.

The court entered judgment for plaintiff for loss of profit of $7,565 and $2,119.20 for material left at the job site and unreimbursed equipment rental.

Defendant first contends that the contract was terminated by mutual agreement. We disagree. None of the contract instruments required plaintiff to have union employees and before starting the project, "plaintiff advised defendant's representative that he operated an 'open shop' and employed non union workers." Defendant, however, later ordered plaintiff from the job because plaintiff's employees were non-union. Thus, contrary to defendant's assertion, the contract was terminated, not by mutual agreement, but by defendant's unilateral action in ordering plaintiff off the job.

Defendant next contends that plaintiff was not entitled to an award of lost profits. We disagree. It is undisputed that plaintiff paid out $2,119.20 for expenses for materials and rental equipment expended on the project at the time it was terminated. The trial court found that "plaintiff's estimates are reasonable, and neither party offered any credible evidence to prove that, had plaintiff been allowed to complete said job, he would not have made a net profit of $7,565.00 on said job." This finding is supported by the evidence and is binding on us on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

Fischer & Wilmarth, Steven G. Francis, Fort Collins, for plaintiff-appellee.

The Office of Harry J. Holmes, Carol J. Huber, Longmont, for defendant-appellant.

COYTE, Judge.

Defendant appeals from an adverse judgment. We affirm.

Defendant, a general contractor, entered into a contract with plaintiff, a non-union masonry contractor, for $58,000 to do the masonry work on a project. After plaintiff had either purchased or contracted for all of

Defendant also argues that the court erred in awarding interest both on the costs incurred by plaintiff and on lost profits from the date of defendant's refusal to pay. We disagree.

Section 5–12–102(1)(a), C.R.S.1973 (1980 Cum.Supp.) provides:

"When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs."

. . . .

"Interest shall be allowed as provided in subsection (1) of this section even if the amount is unliquidated at the time of wrongful withholding or at the time when due."

This section became effective July 1, 1979, and applied to any judgment entered on or after that date. Judgment here was entered on August 29, 1980. Hence, the court did not err when it awarded interest on the wrongfully withheld sum even though the exact amount was unliquidated until the date of judgment. *Cf. Thirteenth Street Corp. v. A–1 Plumbing & Heating Co., Inc.*, Colo., 640 P.2d 1130 (1982).

Judgment affirmed.

PIERCE and SMITH, JJ., concur.