Thomas DODDS, Plaintiff-Appellee,

v.

**FRONTIER CHEVROLET SALES & SERVICE, INC.,**
Defendant-Appellant.

No. 83CA0299.

Colorado Court of Appeals,
Div. I.

Oct. 27, 1983.

Rehearing Denied Nov. 23, 1983.

LaFond & Evangelisti, Richard C. La-Fond, Denver, for plaintiff-appellee.

Miller & Leher, Michael P. Miller, Littleton, for defendant-appellant.

ENOCH, Chief Judge.

In this action for fraud and deceit, defendant car dealership, Frontier Chevrolet Sales & Service, Inc., appeals the judgment of the trial court awarding plaintiff, Thomas Dodds, actual damages, exemplary damages and attorney fees. We affirm the judgment with respect to the award of actual damages and attorney fees, but reverse as to the award of exemplary damages.

After trial to the court, the court found in favor of Dodds, awarding him actual damages of $800, consisting of $100 for the

value of his trade-in car, $200, being the cash deposit paid, and $500 for emotional distress. The court further awarded Dodds $1,000 in exemplary damages and $2,700 in attorney fees. Frontier appeals.

Frontier first contends that a release executed by Dodds released Frontier from any liability in this case and waived any of Dodds's rights to seek relief or satisfaction from Frontier. Therefore, Frontier argues that the trial court erred when it failed to dismiss Dodds's action on these grounds. We disagree.

 The trial court found that the release, which not only allegedly released Frontier from all liability but also allowed Frontier to retain Dodds's cash deposit, his trade-in car and the car Dodds had attempted to purchase, had been fraudulently procured. There is sufficient evidence in the record to support the trial court's finding that Frontier had fraudulently induced Dodds to execute the release by threatening a lawsuit on the contract which Frontier knew at the time had been rendered void due to the failure of a condition precedent. *See Varady v. White,* 42 Colo.App. 389, 595 P.2d 272 (1979). Therefore, the trial court did not err in failing to dismiss Dodds's action on the basis of the release executed by Dodds.

Frontier also contends that the trial court erred in awarding Dodds exemplary damages because the amount awarded is not adequately related to actual damages. We agree, albeit for a different reason.

 Dodds elected to rescind the contract and sue for the return of consideration paid. In the rescission of a contract on the grounds of fraud, plaintiff cannot recover exemplary damages under the statute, § 13–21–102, C.R.S.1973, for the reasons stated in *Aaberg v. H.A. Harman Co.,* 144 Colo. 579, 358 P.2d 601 (1960). Therefore, the trial court erred in entering an award of exemplary damages.

 We have examined Frontier's other contentions and find them to be without merit. Where, as here, emotional stress was properly pled and the act giving rise to

Dodds's injury was fraudulent, an emotional distress award is proper when supported by the evidence as it was in this case. *See McNeil v. Allen,* 35 Colo.App. 317, 534 P.2d 813 (1975). Further, inasmuch as the trial court found on sufficient evidence that Frontier's fraudulent misrepresentation was a deceptive trade practice under § 6–1–103, C.R.S.1973, the award of attorney fees was appropriate in this case under the provisions of § 6–1–113, C.R.S.1973, (Consumer Protection Act) and we find the amount to be reasonable and supported by the evidence. *See Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979).

The judgment is affirmed as to the actual damages of $800, and attorney fees of $2,700, and reversed as to the exemplary damages, and the cause is remanded with directions to deduct from the judgment $1,000, the amount awarded for exemplary damages.

VAN CISE and KELLY, JJ., concur.