**G. Milton BENNETT, Plaintiff-Appellee,**

v.

**Frank PRICE and Pebblewood Associates, a Colorado partnership, Defendants-Appellants.**

No. 83CA0531.

Colorado Court of Appeals,
Div. I.

July 5, 1984.

Rehearing Denied Aug. 2, 1984.

Certiorari Denied Dec. 17, 1984.

Bill E. Landsberg, Colorado Springs, for plaintiff-appellee.

Robert W. Johnson, Colorado Springs, for defendants-appellants.

STERNBERG, Judge.

G. Milton Bennett, purchaser, sued Frank Price and Pebblewood Associates, builders and sellers of townhomes, alleging that they had breached a contract to sell a townhome property to him. Following a jury trial, the purchaser was awarded $6,800 in damages for breach of contract, plus return of his $1,000 earnest money deposit. The sellers appeal, and we affirm in part, reverse in part and remand with directions.

## I.

We first consider the sellers' assertion that the trial court improperly allowed the purchaser to introduce evidence of prior or contemporaneous agreements which were at variance with the terms of the written purchase agreement. There was no error.

Prior to trial, the sellers filed motions to prohibit the purchaser from introducing evidence of prior or contemporaneous agreements which varied, contradicted, modified, added to, or otherwise changed the clear and unequivocal terms of the purchase agreement. The trial court denied the motions, and permitted the purchaser to introduce parol evidence to explain the purpose and intent of ambiguous portions of the agreement.

█ It is true that, by well-established rule, when the language used is plain, its meaning clear, and no absurdity is involved, an agreement must be enforced as written. *Christmas v. Cooley*, 158 Colo. 297, 406 P.2d 333 (1965). However, it is equally well settled that written contracts containing ambiguities, or unclear language or meaning, are to be construed in accordance with the intent of the parties.

*Leach v. LaGuardia*, 163 Colo. 225, 429 P.2d 623 (1967).

The written purchase agreement, drafted by the sellers, starts out clearly enough:

"(3) This contract is expressly contingent upon the purchaser obtaining a loan equal to 90% of the purchase price at an interest rate not to exceed 12½% per annum...."

However, later in that paragraph it is stated that: "Purchaser may procure his own financing." And, then the agreement contains these provisions:

"(9) Purchaser/s will make application for loan *at lender designated by seller* within seven (7) days of contract date, and will render fullest possible cooperation to lender. Should such cooperation not be forthcoming, seller may, at his option, void contract.

(14) Additional Provisions: Purchaser need not apply for the above loan *until advised to do so by Pebblewood associates* but does agree to make application within the above mentioned seven (7) days under the same terms and conditions of paragraph (9) nine above." (emphasis added)

█ Thus, while the first quoted portion of paragraph 3 places on the purchaser the requirement to obtain financing, the latter part of that paragraph and paragraphs 9 and 14 seemingly change that and indicate that the purchaser was to apply for a loan at a lender designated by the sellers rather than procuring his own financing. Hence, there were conflicting terms which created an ambiguity in the written agreement regarding the procuring of financing. Therefore, the trial court was correct in allowing the purchaser to introduce parol evidence to explain the purpose and intent of the ambiguous portions.

## II.

█ We do agree, however, with the sellers that the trial court erred in entering judgment for $6,800 compensatory damages in accordance with the jury verdict because the purchaser failed to present any

competent or admissible evidence of damages for breach of contract.

■■ The proper measure of damages for breach of a contract for sale of real property is the difference between the market value of the property and the purchase price contracted for, *Sorenson v. Connelly*, 36 Colo.App. 168, 536 P.2d 328 (1975). The party seeking to recover damages has the burden of presenting competent evidence which furnishes a reasonable basis for assessing them. *Colorado National Bank v. Ashcraft*, 83 Colo. 136, 263 P. 23 (1927).

In *Goldstein v. Denver Urban Renewal Authority*, 192 Colo. 422, 560 P.2d 80 (1977) the standard definition of market value is set forth:

"Reasonable market value means the fair, actual cash market value of the property. It is the price the property could have been sold for on the open market, for cash, under the usual and ordinary circumstances where the owner was willing to sell and the purchaser was willing to buy, but neither was under an obligation to do so."

The purchaser presented no evidence of the appraised value of the townhome, *cf. Higbie v. Johnson*, 626 P.2d 1147 (Colo. App.1980), nor did he offer evidence of the sale price of similar townhomes in the area. Instead, he presented evidence that similar townhomes in the area had been *listed* at a certain price.

■ Listing prices may tend to be inflated and may overstate the value of the property. *See* Annot., 25 A.L.R.4th 983 (1983). While, as noted in that annotation, some courts have held to the contrary, we conclude that the better reasoned rule is that such evidence is speculative and unreliable and does not bear a sufficient relationship to the fair market value of the property so as to sustain the purchaser's burden of proof as to damages. *See also Denver Urban Renewal Auth. v. Hayutin*, 40 Colo.App. 559, 583 P.2d 296 (1978). *Cf. Realty Loans, Inc. v. McCoy*, 523 P.2d 476

(Colo.App.1974) (not selected for official publication).

Evidence that an owner listed property at a certain price may be admissible to impeach his contrary testimony of value. If for example, an owner had listed property for sale for $50,000, but then contended it was worth $100,000, the evidence of the listing would be proper to impeach the higher estimate of value. In other words, such evidence is admissible when used as a shield, not a sword. *See* Annot., A.L.R.4th, *supra* at 997. Standing alone it cannot be used as proof of the market value of the property.

The judgment is affirmed as to the issue of breach of contract, but is reversed as to the issue of damages, and the cause is remanded to the trial court with directions to enter judgment in favor of the purchaser for nominal damages of $1, plus return of his $1,000 earnest money deposit.

PIERCE and BABCOCK, JJ., concur.