**HIPCO, a Colorado limited partnership, Plaintiff-Appellant,**

v.

**VARCO–PRUDEN, A DIVISION OF AMCA INTERNATIONAL CORPORATION, a Delaware corporation, and Nordic Construction Company, Inc., a Colorado corporation, Defendants-Appellees.**

**No. 83CA1371.**

Colorado Court of Appeals, Div. II.

Aug. 23, 1984.

Boatright & Boatright, Charles F. Molling, Wheat Ridge, for plaintiff-appellant.

T.W. Norman, Lakewood, for defendant-appellee Varco-Pruden.

Wyatt & Martell, Gerald G. Watson, Fort Collins, for defendant-appellee Nordic Const. Co.

SMITH, Judge.

Plaintiff, Hipco, appeals the trial court's grant of summary judgment in favor of defendants. We affirm.

Hipco contracted with Nordic Construction Co. (Nordic) to construct a building designed by Varco-Pruden. From the time Hipco occupied the building in November of 1978, its employees noticed numerous problems, particularly that the roof leaked during rains and bowed under snow and that the walls failed to keep the wind out. On April 26, 1982, Hipco sued Nordic and Varco-Pruden for negligent design and con-

struction and breach of express and implied warranties. The trial court granted defendants' motions for summary judgment under the two-year statute of limitations for builders and architects, § 13–80–127, C.R.S. (1983 Cum.Supp.).

Hipco contends that summary judgment was improper because a genuine issue of material fact existed over when the cause of action arose. We disagree.

A claim for relief for a deficiency in the design or construction of a building arises when the damaged party "discovers or in the exercise of reasonable diligence should have discovered the defect in the improvement which ultimately causes the injury, when such defect is of a substantial or significant nature." Section 13–80–127(1)(b), C.R.S. (1983 Cum.Supp.). Accordingly, the critical date is when Hipco discovered, or in the exercise of reasonable diligence should have discovered, the defect or defects causing the ultimate injury. *Criswell v. M.J. Brock & Sons, Inc.*, 681 P.2d 495 (Colo.1984).

Under the undisputed evidence, we conclude that the injuries here were so obvious that Hipco was placed on notice immediately upon occupancy that there was something seriously amiss in the design or construction of its building. In a letter dated December 3, 1979, the president of Hipco complained to Varco-Pruden that there is an "open space [in the building] where the side panel meets the roof panel"; that "from the moment we moved in we have been plagued with more leaks than you can believe," including "10 to 15 major leaks"; that "in just small winds ... the roof moves up and down"; and that the roof flexes under light snowloads, making "the inside office ceiling look like a disaster." In its answers to interrogatories, Hipco admitted that these problems were the subject of its suit, the cause of the damages claimed, and were all noticed upon occupancy.

This is not a situation in which minor structural problems are caused by a serious engineering error in the design of the foundation, which only a professional inves-

tigation would reveal. *See Criswell v. M.J. Brock & Sons, Inc., supra; Financial Associates, Ltd. v. G.E. Johnson Construction Co.*, (Colo.App. No. 83CA1094; July 19, 1984). Rather, the defects were apparent to anyone. Accordingly, Hipco was on notice no later than December 3, 1979, that there was something defective somewhere in the design or construction of its building, and its action for relief is therefore barred by § 13–80–127. *Cf. Mastro v. Brodie*, 682 P.2d 1162 (Colo.1984).

Hipco's reliance on *Smith v. Union Supply Co.*, 675 P.2d 333 (Colo.App.1983) is misplaced. In that case, we held that a claim for breach of an explicit warranty to maintain future performance does not accrue until a timely request for maintenance is refused. Here, however, Hipco alleges no warranty of future performance nor any specific promise to repair or maintain.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.