Lynelle J. **CARLSON**, Plaintiff-Appellee,

v.

Paul **GARRISON**, d/b/a Garrison Auto Brokers, Defendant-Appellant.

No. 82CA0015.

Colorado Court of Appeals, Div. III.

Sept. 13, 1984.

Robert G. Leo, Jr., Denver, for plaintiff-appellee.

Calvert & Calvert, David R. Calvert, Randall M. Calvert, Englewood, for defendant-appellant.

METZGER, Judge.

Plaintiff, Lynelle Carlson, sued Paul Garrison, doing business as Garrison Auto Brokers, on the theory of deceit by nondisclosure relative to her purchase of a used automobile. The trial court ruled in favor of Carlson, awarded actual and consequential damages in her favor, and also awarded exemplary damages of $5,000.

On appeal, Garrison asserts that the evidence fails to support the trial court's findings, that the trial court improperly invaded the province of the General Assembly by imposing a duty of disclosure on automobile dealers, that the evidence was insufficient for the court's award of exemplary damages, and that Carlson failed to prove causation. We affirm.

Carlson purchased the vehicle, a yellow 1977 Datsun, from Garrison's lot in July 1979, after three conversations with James Gerhart, a salesman employed by Garrison Auto Brokers. She testified that, during these conversations, she questioned Ger-

hart about how the automobile came to be on the lot. He replied that the car had been "driven on the lot and traded in by some kid that couldn't meet the payments or he just wanted a different car." She then asked whether she could contact the prior owner and Gerhart replied, "No, we don't have to do that. We just don't do that." To her inquiry whether the car had been in an accident, Gerhart replied, "No, not to my knowledge." Relying on those representations, she traded in her automobile, which was the first one she had ever purchased, and signed a contract for the purchase of the Datsun.

The Datsun began to malfunction immediately, and was returned to Garrison Auto Brokers the following day for repairs to the air conditioner. Two weeks later, the steering ceased to function and defendant's mechanics repaired a broken tie rod. Over the next several weeks, various electrical and alignment problems necessitated several visits to auto mechanics, with unsatisfactory results.

Subsequent investigation revealed that the Datsun had been totally wrecked in an accident in Illinois, and had been improperly repaired. After issuance of a certificate of salvage, the Datsun was sold at an Illinois auto auction for approximately $2,400. Garrison had later purchased it at another auto auction in Illinois, and Carlson purchased the Datsun for $7,292.50 within a few days of its arrival on Garrison's lot.

I.

Garrison contends that the evidence is insufficient to support the trial court's findings as to the elements of deceit based on nondisclosure. The evidence in the record belies this assertion.

The elements of deceit by nondisclosure are: (1) concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the con-

cealment be acted upon; and (5) action on the concealment resulting in damages. *Ackmann v. Merchants Mortgage & Trust Corp.*, 645 P.2d 7 (Colo.1982). The elements of fraudulent concealment may be inferred from circumstantial evidence. *Kopeikin v. Merchants Mortgage & Trust Co.*, 679 P.2d 599 (Colo.1984).

The trial court found that Carlson had questioned Gerhart concerning the Datsun's prior ownership and its accident history, notwithstanding Gerhart's testimony that he did not recall the conversations. The trial court further found, based on unrebutted testimony from expert witnesses, that it is a common practice for dealers to examine cars before they are placed on used-car lots, in order to determine the purchase price. The court went on to find that, since a cursory visual examination would reveal that this relatively new automobile had been repainted, an automobile dealer would be put "on notice" to ascertain the reason for that repainting. While both Gerhart and Garrison testified that they had not inspected the automobile at all prior to its placement on the lot, and that they lacked any knowledge of its accident history, the trial court expressly stated its disbelief of that testimony.

■ In a trial to the court, the sufficiency, probative effect, and weight of the evidence, and the inferences and conclusions to be drawn therefrom, will not be disturbed on appeal unless they are so clearly erroneous as to find no support in the record. *Travelers Insurance Co. v. Gasper*, 630 P.2d 97 (Colo.App.1981). Having reviewed the record, we conclude that the evidence and the reasonable inferences therefrom support the trial court's findings; we will not disturb them. *Varady v. White*, 42 Colo.App. 389, 595 P.2d 272 (1979).

## II.

■ Garrison also asserts that the trial court improperly invaded the legislative province in that it implicitly imposed a duty upon all used car dealers to inspect used cars for the benefit of their customers prior to sale. He argues that, since the General Assembly has declined to impose such a duty on used car dealers, the courts may not do so.

Garrison's argument is unpersuasive. The trial court's findings here fall short of imposing an affirmative duty on used car dealers to inspect the vehicles they sell. Rather, the trial court's findings merely reaffirm the duty of used car dealers, like other vendors, to answer truthfully the questions asked by prospective purchasers. Hence, the trial court's rulings do not reflect an improper venture into a legislative area.

## III.

■ Garrison's next assertion, that the trial court erred in assessing exemplary damages against him, is without merit. The trial court's findings, in their totality, are sufficient to support the award. *Mince v. Butters*, 200 Colo. 501, 616 P.2d 127 (1980).

## IV.

Garrison's final contention—that Carlson failed to prove the requisite causal connection between the condition of the automobile and the special damages she incurred—is unsupported by the record. *See Wagner v. Dan Unfug Motors, Inc.*, 35 Colo.App. 102, 529 P.2d 656 (1974).

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.