COMBINED COMMUNICATIONS COR-
PORATION, d/b/a KBTV
Broadcasting, Inc., Plaintiff-Appellee,

v.

BEDFORD MOTORS, INC., d/b/a Mike
Flannery Chevrolet, Inc., and d/b/a
Highland Chevrolet, Defendant-Appel-
lant.

No. 83CA0394.

Colorado Court of Appeals,
Div. III.

May 2, 1985.

Davis, Graham & Stubbs, Andrew M. Low, Denver, for plaintiff-appellee.

Philip E. Lowery, P.C., Philip E. Lowery, Scot W. Nolte, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Bedford Motors, Inc., appeals from a judgment holding that it had breached two television advertising contracts which it had entered into with plaintiff, Combined Communications Corp. (KBTV), and awarding money damages in the full amount due under the contracts. We affirm.

Defendant and KBTV entered into three advertising contracts, but only contract "A" and contract "C" are the subject of this appeal. Contract A, a "cross-promotion trade agreement," required KBTV to purchase automobiles from defendant in consideration for defendant's purchase from KBTV of advertising time equal in

gross value. KBTV bought the automobiles it was obligated to under the contract, but defendant did not buy the amount of advertising it was required to under the contract.

In contract C defendant agreed to purchase $25,260 worth of advertising during 1980, in consideration for which KBTV was to provide defendant with a free trip for two to Asia, which the station did provide for two of defendant's designated employees. Contract C also contained explicit language that defendant's failure to furnish KBTV with advertising materials would excuse KBTV from performance, but would not reduce or change the total amount owed KBTV under the contract. Defendant, however, later refused to purchase any of the advertising required under contract C.

Defendant contends that in awarding KBTV the full amount owed under the contracts, the court applied an incorrect measure of damages. We disagree.

Generally, the measure of damages for a breach of contract is the loss in value to the injured party less any costs or other loss that the injured party has avoided by not performing the contract. *General Insurance Co. v. City of Colorado Springs*, 638 P.2d 752 (Colo.1981). However, where operating expenses are fixed, gross profits may be awarded to represent net profits. *P & M Vending Co. v. Half Shell of Boston, Inc.*, 41 Colo.App. 78, 579 P.2d 93 (1978).

At trial, KBTV introduced evidence that when advertising time is not sold, it is filled with non-paying material such as public service announcements or promotional spots, and that the costs of this material are no greater than its costs to air advertising. It further established that its operating and overhead expenses are fixed costs that would not be diminished by defendant's failure to purchase the agreed advertising time, that there would be no difference between KBTV's revenue from the contracts and its net profits, and that it had more time to sell than defendant had

agreed to purchase. Hence, under these circumstances the trial court was correct in concluding that KBTV was entitled to the full amount due under the contracts. *P & M Vending Co. v. Half Shell of Boston, Inc., supra.*

Contrary to defendant's contention, KBTV did not have the burden of producing evidence on which any reduction of its damages was to be predicated. Mitigation or failure to mitigate is an affirmative defense which defendant has the burden of establishing. *Comfort Homes, Inc. v. Peterson*, 37 Colo.App. 516, 549 P.2d 1087 (1976). Here, defendant rested its case without presenting any evidence, and failed to elicit any evidence in cross-examination of plaintiff's witness in support of this defense. Thus, there is no evidence to support defendant's contention that the money judgment was speculative or excessive.

Defendant's contention that the contracts were severable is not evidenced by the language therein. Further, because it was defendant's breach of the contracts which precluded KBTV from completing its performance, its failure to telecast defendant's advertisements did not preclude it from recovering the entire amount due under the contracts. *Comfort Homes, supra.*

Because defendant's remaining contention was not addressed to the trial court, defendant is precluded from raising it now on appeal. *Wickland v. Snyder*, 39 Colo. App. 403, 565 P.2d 976 (1977).

Judgment affirmed.

TURSI and METZGER, JJ., concur.