**MOHAWK GREEN APARTMENTS, a limited partnership, Plaintiff-Appellant,**

v.

**Mark S. KRAMER, and Stanley Kramer, d/b/a A–OK Roofing, Defendants-Appellees.**

**No. 84CA1249.**

Colorado Court of Appeals, Div. II.

Oct. 3, 1985.

Paul D. Rubner, P.C., Lee M. Kutner, Denver, for plaintiff-appellant.

Bourke and Jacobs, P.C., Charles H. Jacobs, Denver, for defendants-appellees.

METZGER, Judge.

Plaintiff, Mohawk Green Apartments, Ltd., appeals the trial court's entry of summary judgment in favor of defendants, Mark S. Kramer and Stanley Kramer, d/b/a A–OK Roofing, in which it held that plaintiff's claims were barred by the two-year statute of limitation contained in § 13–80–127, C.R.S. (1984 Cum.Supp.). We affirm.

On November 30, 1978, plaintiff entered into a contract with A–OK Roofing for replacement of roofs on five apartment buildings. The contract provided a "ten year warranty against cracks and leakage, covering the materials and labor." All work was completed by April of 1979.

Shortly thereafter, plaintiff discovered "bubbles" in the roofing material, and the roof began to leak. Plaintiff reported these problems to defendants by letters dated April 4, 1979, and again on November 6, 1979. The second letter referred specifically to the ten-year warranty and demanded that the roofs be repaired within thirty days or legal action would be taken. On December 21, 1979, plaintiff obtained an inspection by an expert, whose report cited several defects in the workmanship and further stated that the roofing work was "not up to industry standards."

The present action was commenced on February 28, 1984. Plaintiff asserted claims for misrepresentation, breach of contract, and breach of warranty. The trial court granted defendants' motion for summary judgment, holding that the contract and warranty claims were barred pursuant to § 13–80–127, C.R.S. (1984 Cum. Supp.). The fraudulent misrepresentation claim was also dismissed, as plaintiff conceded that § 13–80–109, C.R.S. applied.

I.

Plaintiff contends that the court erred in barring its warranty and contract claims by applying the two-year statute of limitations set out in § 13–80–127, C.R.S. (1984 Cum.Supp.). We disagree.

Section 13–80–127(1)(a), C.R.S. (1984 Cum.Supp.) provides a two-year statute of limitations for all actions:

"against any architect, contractor, builder or builder vendor, engineer, or inspector...."

That limitations period specifically applies to all actions:

"in tort, contract, indemnity, or contribution or other actions for the recovery of damages [concerning] any deficiency in the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property; ... or [i]njury to real or personal property caused by any such deficiency...." Section 13–80–127(1)(c), C.R.S. (1984 Cum.Supp.)

Plaintiff argues that the contract claim and especially the breach of warranty claim are not barred by the limitations period of § 13–80–127, because the damages sought and the claim itself arise out of the contract's warranty provision rather than from any deficiency in construction or property damage contemplated by the statute. This argument is without merit.

The statute in its expanded present form was a response to the narrow interpretation given to its predecessor by the courts. See Tamblyn v. Mickey and Fox, Inc., 195 Colo. 354, 578 P.2d 641 (1978); Duncan v. Schuster-Graham Homes, Inc., 194 Colo. 441, 578 P.2d 637 (1978). A statute should be construed to give effect to the intent

and purposes for which it was enacted. *Firstbank of North Longmont v. Banking Board,* 648 P.2d 684 (Colo.App.1982). The plain language of the amended statute supports a broad interpretation.

Here, plaintiff notified defendants twice in 1979 of the defects in the roof. The engineering report was received in November 1979, and the last expenditure made to correct the roofs was in March 1980. Consequently, plaintiff was aware of the defects in the roof no later than November 1979, and its action is barred by § 13–80–127. *See Hipco v. Varco-Pruden,* 687 P.2d 540 (Colo.App.1984).

## II.

Plaintiff also contends that § 13–80–110, C.R.S., which provides for a six-year statute of limitations, should apply. We disagree.

■ If a statute of limitations is drafted to relate to special cases, it, rather than a general statute of limitations, controls. *Stanske v. Wazee Electric Co.,* 690 P.2d 1291 (Colo.App.1984).

■ Section 13–80–127 is specifically limited to actions against contractors for property damage caused by the deficient construction of any improvement to real property. Section 13–80–110, C.R.S., is a general statute of limitation and applies to any and all actions founded on a contractual debt, a judgment, rental arrears, contractual liability express or implied, waste or trespass, replevin, and all other actions on the case. Thus, since § 13–80–127 is more limited in scope than § 13–80–110, and since it specifically relates to the situation here, it is applicable.

The issue of the applicability of § 4–2–725(1), C.R.S., was raised for the first time on appeal, and accordingly, we do not address it. *Wickland v. Snyder,* 39 Colo. App. 403, 565 P.2d 976 (1977).

Defendants' request for costs and attorney fees pursuant to C.A.R. 38 for frivolous appeal is denied.

The judgment is affirmed.

BERMAN and TURSI, JJ., concur.