MESA SAND AND GRAVEL CO., Plaintiff–Appellee, Cross–Appellant,

v.

LANDFILL, INC., Defendant–Appellant, Cross–Appellee.

No. 84CA1387.

Colorado Court of Appeals, Div. II.

Feb. 18, 1988.

Rehearing Denied (Mesa Sand) March 17, 1988.

Rehearing Denied (Landfill) April 7, 1988.

Certiorari Granted (Landfill) Aug. 1, 1988.

Martin, Knapple, Humphrey & Tharp, Joel C. Maguire, Boulder, for plaintiff-appellee, cross-appellant and defendant on counterclaim.

Parcel, Mauro, Hultin & Spaanstra, Paul F. Hultin, Marcus L. Squarrell, Denver, for defendant-appellant, cross-appellee.

BABCOCK, Judge.

Defendant and third-party plaintiff, Landfill, Inc. (Landfill), the operator of a landfill operation, appeals the judgment of the trial court awarding damages to plaintiff, Mesa Sand and Gravel Company (Mesa). Mesa is engaged in the business of excavation and sale of earthen material. Mesa cross-appeals the judgment of the trial court. We affirm.

In September 1975, Mesa and Landfill entered into a contractual agreement

whereby Landfill would excavate a landfill site and Mesa would remove the excavated material. The agreement specifically incorporated by reference a plan prepared by consulting engineers. The plan delineated procedures for conducting a cooperative, dual excavation and landfill operation. Both parties were contractually obligated to follow the plan. Pursuant to the agreement, Mesa also agreed to pay Landfill ten cents per ton for earthen material removed by Mesa.

In 1979, Mesa became aware that Landfill was not following the consulting engineer's plan and, therefore, was not complying with the terms of the 1975 agreement. After several notices from Mesa to Landfill regarding the latter's deviation from the plan, Mesa brought this action. Landfill counterclaimed, also alleging breach of contract. Both parties appeal the judgment entered.

### I.

Mesa and Landfill both challenge the trial court's computation and award of damages. We find no error in the trial court's award.

The general measure of damages for breach of contract cases is that sum which places the nondefaulting party in the position the party would have enjoyed had the breach not occurred. *Smith v. Hoyer*, 697 P.2d 761 (Colo.App.1984). When evidence in the record establishes values both higher and lower than that found by the trial court, the finding is presumed correct. *See Denver v. Minshall*, 109 Colo. 31, 121 P.2d 667 (1942); *Hayden v. Board of County Commissioners*, 41 Colo.App. 102, 580 P.2d 830 (1978). Conclusions drawn from the evidence will not be disturbed on appeal unless they are so erroneous as to find no support in the record. *Carlson v. Garrison*, 689 P.2d 735 (Colo.App.1984).

Here, the record reflects that at least four methods of considering the complex factual issues and calculating damages were presented to the trial court, including the opinions and evaluations of several expert witnesses. The court arrived at a damage figure consistent with the report of one of the expert witnesses. Therefore, we find ample support in the record for the trial court's findings and conclusions regarding the amount of damages to be awarded Mesa.

Mesa argues, however, that the amount awarded was insufficient as a matter of law. Our examination of the record reveals that the trial court was correct in concluding that not all of Landfill's deviations from the engineering plan constituted a breach of the agreement. Therefore, Landfill's breach was designated by the court as consisting only of those "unreasonable deviations" from the plan. The trial court correctly concluded that Mesa cannot be compensated for each and every deviation.

### II.

Mesa next contends that the trial court erred in failing to award interest on the judgment pursuant to § 5–12–102, C.R.S. (1987 Cum.Supp.). We disagree.

Section 5–12–102, C.R.S. (1987 Cum. Supp.) provides in pertinent part:

"[C]reditors shall receive interest as follows:

(a) When money or property has been wrongfully withheld, interest shall be an amount which *fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding* to the date of payment or *to the date judgment is entered*, whichever first occurs...." (emphasis added)

Thus, statutory interest can only be awarded when a wrongdoer benefits or realizes a gain from his actions. Here, the record shows that Mesa had a right of access to the property and to excavate it itself. Further, Landfill did not gain or benefit by failing to excavate the materials in accordance with the agreement. Landfill's benefit in the operation arose at the time it filled the excavations with refuse, and not before. Therefore, under the plain language of the statute, there was no wrongful withholding. Accordingly, Mesa is entitled only to post-judgment interest,

not prejudgment interest. *See Asphalt Paving Co. v. United States Fidelity & Guaranty Co.,* 671 P.2d 1013 (Colo.App. 1983); *cf. Isbill Associates, Inc. v. City & County of Denver,* 666 P.2d 1117 (Colo. App.1983).

### III.

■ Mesa's final contention is that the trial court erred in failing to award it attorney fees, costs, and expenses based on a provision in the 1975 agreement. We disagree.

Section 1–9 of the Mesa–Landfill agreement states:

"Mesa and Landfill agree to indemnify and hold the other harmless from any and all claims, damages, suits, liabilities, costs and expenses (including but not limited to attorney's fees and expenses of investigation) which the other party might suffer as a result of the activities or negligence of the other party."

If the language used in a contract is plain, its meaning clear, and no absurdity is involved, the contract must be enforced as written. *Bennett v. Price,* 692 P.2d 1138 (Colo.App.1984). The intent of the parties to a contract is to be determined primarily from the language of the document itself, and if the agreement of the parties consists of a written instrument, the determination of the effect of the instrument is a matter of law. *International Technical Instruments, Inc. v. Engineering Measurements Co.,* 678 P.2d 558 (Colo.App.1983).

Here, the first clause of Section 1–9 serves to identify the section as a standard statement of mutual indemnification. As such, the plain language of the clause indicates that Mesa and Landfill agreed to indemnify each other from potential liabilities owed to *third parties.* Contrary to Mesa's position, the section does not contemplate an award of attorney fees, costs, and expenses, for suits between the parties to the contract. To allow the term "activities" to include the act of performing the contract itself is to strain the plain meaning of the agreement and distort the parties' intentions. We conclude that, as a matter of law, Section 1–9 of the contract does not permit an award of attorney fees, costs, and expenses in this breach of contract action.

### IV.

■ On its cross-appeal, Landfill first contends that the trial court erred in interpreting the Mesa–Landfill agreement to impose duties upon Landfill that did not exist in the agreement. We disagree.

Although we are not bound by the trial court's interpretation of the contract, *Gilpin Investment Co. v. Blake,* 712 P.2d 1051 (Colo.App.1985), we conclude that the trial court correctly determined the rights and duties of the parties under the agreement. Therefore, we find no merit in Landfill's arguments that Landfill was not bound by the terms set forth in the engineer's plan.

### V.

■ Landfill next contends that the trial court erred in awarding damages to Mesa as Mesa failed to prove that it had a right to excavate and sell the materials after December 1978. We disagree.

Issues not raised in the trial court may not be raised for the first time on appeal. *Matthews v. Tri–County Water Conservancy District,* 200 Colo. 202, 613 P.2d 889 (1980); *Mohawk Green Apartments v. Kramer,* 709 P.2d 955 (Colo.App.1985).

Although this contention goes to the issue of damages, the record shows that no attack was made on Mesa's property rights prior to appeal. We therefore decline to address it.

### VI.

■ Landfill's final contention is that the trial court failed to consider in its damage calculations Mesa's duty to mitigate its damages. Again, we disagree.

Mitigation is an affirmative defense which defendant has the burden of establishing. *Combined Communications Corp. v. Bedford Motors, Inc.,* 702 P.2d 281 (Colo.App.1985). Landfill did not plead or prove Mesa's failure to mitigate its dam-

ages, and therefore, the trial court did not err in failing to consider mitigation in its award.

Judgment affirmed.

PLANK, J., concurs.

TURSI, J., concurs in part and dissents in part.

TURSI, Judge, concurring in part and dissenting in part.

I respectfully dissent as to Part II of the majority opinion which reject's plaintiff's contention that it should be awarded statutory prejudgment interest.

The trial court found and concluded that defendant Landfill's breach of contract with the plaintiff resulted in plaintiff's loss of the saleable materials which Landfill buried under refuse and which remained above bedrock in an amount of 543,000 cubic yards, resulting in a monetary loss of $209,055. This breach by the defendant resulted in a wrongful withholding of property properly due the plaintiff. Therefore, pursuant to § 5–12–102, C.R.S. (1987 Cum. Supp.), plaintiff is entitled to statutory interest at the rate of eight percent per annum, compounded annually from the time this property was wrongfully withheld or became due. *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo. App. 1983).

The record not only furnished the basis for the computation of the amount of tonnage withheld, but reveals repeated demands by the plaintiff upon the defendant for delivery of the property. If requested, plaintiff would be entitled to interest from the time that the tonnage was made unavailable to it and, thus, wrongfully withheld. *See Bassett v. Eagle Telecommunications, Inc.*, 750 P.2d 73 (Colo.App.1987); *Great Western Sugar Co. v. Northern Natural Gas Co.*, 661 P.2d 684 (Colo.App. 1982), *aff'd sub nom., KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo.1985); *Jasken v. Sheehy Construction Co.*, 642 P.2d 58 (Colo.App.1982).

However, on appeal they request only interest from the time that the evidence before the trial court furnished the basis for the determination of the amount withheld.

I would, therefore, remand to the trial court for entry of interest pursuant to § 5–12–102 from the date the case was submitted to the trial court upon the evidence.