Jerry **GARCIA** and Viola Garcia,
Plaintiffs–Appellants,

v.

**COLORADO DEPARTMENT OF SOCIAL SERVICES,**
Defendant–Appellee.

No. 87CA0516.

Colorado Court of Appeals,
Div. III.

Nov. 3, 1988.

R. Eric Solem, Denver, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony Trumbly, Asst. Atty. Gen., Denver, for defendant-appellee.

CRISWELL, Judge.

Plaintiffs, Jerry and Viola Garcia, appeal from a judgment of the district court that approved an order of defendant, the Colorado Department of Social Services (Department), which required them to repay payments made to them for their daughter under the state's Aid to Families with Dependent Children (AFDC) program. We affirm.

Section 26–2–103(4)(c), C.R.S. (1982 Repl. Vol. 11) defines a "dependent person" for purposes of AFDC benefits as one under the age of eighteen, except that a person under the age of nineteen is also to be considered such a dependent child if that person is a full-time student in a secondary school and "is reasonably expected to complete the program of such secondary school ... before reaching the age of nineteen."

Plaintiffs' daughter became nineteen in April and graduated from high school in June of the same year. The Department, claiming that the daughter was not "reasonably expected" to complete her educational program before reaching the age of nineteen, ordered plaintiffs to reimburse the Department for the benefits paid to them for their daughter after she reached the age of eighteen. Plaintiffs contend, however, that, since the graduation date of a student is not necessarily co-terminous with the date the student has completed an educational program, the Department did not prove that their daughter had not completed her educational program before reaching her nineteenth birthday, *i.e.*, before April of the year of her graduation. We disagree.

While we agree with plaintiffs that a secondary school student may complete an educational program a few days, or even several weeks, before the date that that student participates in graduation ceremonies, we conclude that proof of the date of a student's graduation raises a rebuttable presumption that that was also the date that the student completed the educational program. Here, plaintiffs presented no evidence that their daughter had completed the educational program in which she was enrolled prior to her date of graduation. Thus, it was not unreasonable for the Department to conclude that the date of the daughter's graduation was the date she completed that program.

Moreover, there was no evidence presented that would allow the conclusion that, at the time of the daughter's eighteenth birthday, there was any *"reasonable"* expectation that she would complete the educational program prior to reaching nineteen. While one of the plaintiffs testified that the daughter "might have" graduated before she became nineteen, she had no knowledge of the number of credits necessary for graduation nor the number of credits the daughter had accumulated before commencing her last year of high school. Such testimony was insufficient to support the conclusion that it was reasonable to expect the daughter to finish her high school education before she became nineteen.

Finally, plaintiffs contend that the Department should have waived reimbursement of the overpayments pursuant to § 26–2–128(4), C.R.S. (1982 Repl.Vol. 11). However, since this issue was not presented to the Department, nor to the trial court prior to the date of that court's judgment, we will not consider it on appeal. *See*

*Mohawk Green Apartments v. Kramer,* 709 P.2d 955 (Colo.App.1985).

JUDGMENT AFFIRMED.

VAN CISE and STERNBERG, JJ., concur.