**Shirley HARRISON d/b/a The Copy Shoppe, Plaintiff,**

v.

**Don SMITH, Frontier Communications Corp. d/b/a Frontier Business Products Company, and A.B. Dick, a Delaware corporation, Defendants–Appellees,**

**and**

**Concerning Dailey, Goodwin & O'Leary, P.C., Daniel T. Goodwin, and Clive A. O'Leary, Appellants.**

No. 89CA0354.

Colorado Court of Appeals, Div. IV.

May 9, 1991.

Rehearing Denied June 27, 1991.

Certiorari Denied Jan. 13, 1992.

Lirtzman & Nehls, P.C., Richard C. Nehls, Boulder, for defendants-appellees Don Smith and Frontier Communications Corp.

Hall & Evans, John E. Bolmer, II, Denver, for defendant-appellee A.B. Dick.

Dailey, Goodwin & O'Leary, P.C., John L. Dailey, Daniel T. Goodwin and Clive A. O'Leary, Denver, for appellants.

Opinion by Judge REED.

Dailey, Goodwin & O'Leary, P.C., Daniel T. Goodwin, and Clive A. O'Leary, who were attorneys for the plaintiff, Shirley Harrison, appeal the judgments entered against them and in favor of the defendants, Don Smith, and Frontier Communications Corporation d/b/a Frontier Business Products Company, and in favor of the defendant A.B. Dick Company. These judgments were for an award of attorney fees pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A). We reverse and remand.

The attorneys represented the plaintiff in the trial court on her claims for negligent misrepresentation, fraudulent misrepresentation, and outrageous conduct, allegedly committed by Smith during her purchase of a printer machine. She alleged that the other defendants were liable for the actions of Smith under the doctrine of respondeat superior.

The outrageous conduct claim was dismissed prior to trial. At the close of the plaintiff's case, the court granted the defendants' motions for directed verdict. Subsequently, after hearing, judgments

were entered awarding defendants attorney fees pursuant to § 13–17–101, et seq., against the plaintiff's attorneys only.

## I.

The attorneys challenge the award of fees, arguing that the trial court erred in granting the motion for a directed verdict because sufficient evidence was presented for the case to be submitted to the jury. In the alternative, they also argue that the trial court erred in refusing to admit affidavits offered on the issue of damages. We find no merit in either contention.

■ The claim for negligent misrepresentation requires proof of damages consisting of the difference between the price paid and the value of the machine. *Robinson v. Poudre Valley Federal Credit Union,* 654 P.2d 861 (Colo.App.1982). Similarly, the claim for fraudulent misrepresentation requires proof of the difference between the value of the machine and the value it would have had if the representations had been true. *See Greathouse v. Jones,* 158 Colo. 516, 408 P.2d 439 (1965).

■ In the absence of a fictitious market, the value of the machine, as purchased, is normally determined by its market value. *See* Restatement (Second) of Torts § 549, comment c, and § 552 comment a (1977); *CJI–Civ.3d* 19:17 (1989).

Here, the evidence of damages consisted of the price the plaintiff paid for the machine and her testimony that, because of the demands of her business operation, the machine had no value to her. No attempt was made through plaintiff's testimony to establish any market value.

■ We agree that the trial court properly rejected, upon hearsay grounds, the admission of the two affidavits which plaintiff's counsel offered to establish market value. CRE 801(c). These affidavits were from witnesses, not agents of these parties, which had been received in summary judgment proceedings *in different litigation,* and thus, the attorneys' reliance upon *St. Louis Baptist Temple v. FDIC,* 605 F.2d 1169 (10th Cir.1979) is misplaced.

■ Further, because it is presented for the first time on appeal, we will not consider the attorneys' argument that the affidavits should have been admitted under the residuary exception to the hearsay rule. *See Mesa Sand & Gravel Co. v. Landfill, Inc.,* 759 P.2d 757 (Colo.App.1988).

■ Therefore, because the record is totally devoid of credible evidence of the value of the machine, as compared either with its purchase price, or its value had the representations been true, and because proof of damages is an essential element of plaintiff's claims, we agree with the trial court that a directed verdict against plaintiff was required.

## II.

The attorneys also contend that the trial court erred in determining that plaintiff's action was groundless and in entering judgments against the attorneys. We agree in part.

Here, the trial court determined that, because of the lack of evidence at the time of trial on the issue of damages, plaintiff's claims were substantially groundless. Thus, pursuant to §§ 13–17–101, 13–17–102, and 13–17–103, C.R.S. (1987 Repl.Vol. 6A), it awarded attorney fees to the defendants against plaintiff's counsel only.

As defined in *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984), a claim is groundless if:

"the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, *are not supported by any credible evidence at trial.*" (emphasis supplied)

But, in determining the amount of an attorney fee award, the trial court, in the exercise of its discretion, is required to consider, among other factors, "[t]he availability of facts to assist a party in determining the validity of a claim...." Section 13–17–103.

■ Proof of damages is, of course, an essential element of plaintiff's claims. Because of the lack of credible evidence on that issue, *at trial,* the trial court's deter-

mination that plaintiff's claims were substantially groundless, at that time, is supported by the record and will not be disturbed. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1987).

However, the record is equally clear, as found by the trial court, that credible evidence was in existence that could have been produced at trial but for counsel's failure, in their pre-trial efforts, to obtain and designate witnesses upon this issue. The affidavits, which plaintiff's counsel attempted to introduce, demonstrate that sufficient evidence was, in fact, available for submission to the jury. Thus, the deficiency in plaintiff's claims, which appears in this record, and consists of the attorneys' failure to prepare and present that evidence and their failure to designate and subpoena witnesses upon the issue of damages.

■ In sum, from plaintiff's commencement of the litigation, and until the time that further designation of witnesses for trial would not be permitted by the court, there existed credible evidence available to plaintiff in support of her claims. It necessarily follows, therefore, that during this interval plaintiff's claims were not groundless. *See Western United Realty, Inc. v. Isaacs, supra;* § 13–17–103.

It was only after the attorneys failed to designate witnesses for this crucial evidence that plaintiff's claims became groundless. And, while this state of the record did not preclude the court's determination that plaintiff's claims were groundless at trial, these circumstances did require the court's consideration in the assessment in the amount of the award. Section 13–17–103.

This the trial court failed to do. To the contrary, it assessed an award which included all services rendered by defendants' attorneys from the commencement of this litigation. Additionally, it included therein services rendered by them in previous litigation, notwithstanding the lack of any findings concerning that legal proceeding. Thus, the trial court awarded attorney fees to the defendants for services rendered to them in defense of plaintiff's then viable claims.

We conclude, therefore, that the trial court erred in including in the attorney fees award any amount that pre-dated the last date upon which plaintiff's counsel had available to them credible evidence of the machine's value at the time of its sale and which evidence could have then been made available for trial by the proper designation of witnesses.

The judgment is reversed, and the cause is remanded for a determination and award to defendants of those attorney fees incurred by them after plaintiff's claim became groundless.

RULAND, J., concurs.

TURSI, J., concurs in part and dissents in part.

Judge TURSI concurring in part and dissenting in part.

I concur with the majority that a directed verdict was mandated because damages were not proven, but I disagree with that part of the majority opinion holding that plaintiff's claim was groundless in part even though evidence to support it was presented at trial but rejected because of the unartful method in which it was proffered. The majority confuses credibility with admissibility.

Here, the trial court based its award of attorney fees against the appellants because of their "poor judgment in the method pursued to prove damages." Although the trial court properly found that the proffered testimony was inadmissible hearsay under the Colorado Rules of Evidence, it does not follow that the evidence was not credible. In fact, one of the affidavits referred in part to evidence admitted in a companion case and two other affidavits containing factual averments which, if properly presented, would have supported plaintiff's claim.

Section 13–17–101, et seq., C.R.S. (1986 Repl.Vol. 6A) reflects the General Assembly's intent to debar the bringing and pursuing of claims which are substantially frivolous, substantially groundless, or sub-

stantially vexatious. However, nothing in the statute makes an otherwise supportable claim groundless merely because counsel erred in the manner in which he proffered credible evidence of supporting facts.

Further, *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984), relied upon by the majority, explicates what the court meant by "credible evidence at trial." It states, "This test assumes that the proponent has a valid legal theory but can *offer* little or nothing in the way of evidence to support the claim or defense." Additionally, the court stated that attorney fees should be denied when there is "no evidence (1) that a party seeks to harass, embarrass, or abuse another party or (2) that the action is unfounded, meritless, frivolous, or vexatious...."

Therefore, inasmuch as credible evidence was extant and offered, albeit in an improper form, I would reverse and deny the award of attorney fees.