CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, PLAINTIFF IN ERROR, v. LARSEN, DEFENDANT IN ERROR.

1. EVIDENCE—OPINIONS.

The opinions of farmers on matters in issue which are peculiarly within their knowledge, such as the value of land, crops, stock or services, and damage done thereto, are admissible in evidence.

2. EVIDENCE.

When the question propounded is as to the market value of certain property, an answer showing what it is worth to the witness is not responsive, and may be stricken out on motion, but its admissibility cannot be raised for the first time in a court of review.

*Error to the County Court of Kit Carson County.*

ACTION for damages occasioned, as it is claimed, by fires set out by locomotive of plaintiff in error. The action was instituted before a justice of the peace. The trial before the justice resulted in a judgment for plaintiff. Afterwards upon appeal to the county court plaintiff again recovered judgment; this time for $80.00. The railway company brings the case here by writ of error.

Mr. A. E. PATTISON, Mr. E. E. WHITTED, Mr. J. E. DOLMAN and Mr. WM. HARRISON, for plaintiff in error.

Mr. S. K. KING, Mr. J. W. DAVIS, Mr. J. W. CLEMENTS, Mr. T. J. EDWARDS and Mr. C. L. DICKERSON, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Plaintiff in error has filed in this court seventeen assignments of error. These assignments were all abandoned, however, upon oral argument, except those relating to evidence of the value of the grass destroyed by the fire. It is contended that the only evidence of damages received at the trial was incompetent and insufficient to support the judgment. An examination of the record discloses that three witnesses testified with reference to these damages. The first of these witnesses was the plaintiff Larsen. This witness, after testifying to the setting out of the fires from the defendant's engine, was asked the following questions:

" Q. What is your occupation, Mr. Larsen ? A. Farming. Q. State the number of stock you keep—cattle and horses. A. Three horses and three colts." In answer to other questions the witness stated that the fire burned over at least eighty acres of his grass land ; that this land was covered with grass known as buffalo grass, and that its chief value was for herding and grazing purposes. "Q. You may state the value per acre of this grass, Mr. Larsen. Objected to and objection overruled. Q. State the value, Mr. Larsen. A. The grass was worth one dollar to me."

Mr. Leo Thomann testified that he was a farmer by occupation, and had been farming in the neighborhood of the fire for three years and over; that he was acquainted with plaintiff's land and visited it about the time of the fire. He gave it as his opinion that the grass burned up was reasonably worth about $1.50 per acre, and that over eighty acres had been burned over.

The remaining witness upon the question of value was Mr. Thomas McCarty, who said he resided about four miles from Larsen's claim, and that he was familiar with the latter's land. " Q. What is your occupation ? A. At that time I was section foreman. Q. What is your occupation now ? A. I am on my claim now. Q. Did you have land at that time ? A. Yes, sir. Q. Were you residing on your land at that time ? A. Yes, sir. Q. What kind of grass was growing upon this land, if you know ? A. Buffalo and blue stem.

*Q.* State if you are acquainted with the value of grass of this same kind and quality in your neighborhood."

To this latter question an objection was made, and sustained by the court. Witness then testified that he was the owner of nine head of horses and nine head of cattle, and grazed this stock in the vicinity of plaintiff's land.

" *Q.* You may state what such grass as this burned is worth per acre for the purpose of pasturing and keeping stock. Objected to and objection overruled. *A.* I judge it was worth $1.25 per acre. *Q.* What is it worth in your opinion ? *A.* I think it is worth $1.25 per acre."

In reference to the evidence of Larsen, it is to be observed that he was a farmer by occupation and the plaintiff in the action. From other competent evidence it is shown that he was living at the time upon his ranch, a part of which was damaged by the fire, and that he had resided there for four years immediately preceding the time of the trial. In this state of the record he must be held qualified to give an opinion as to the value of the grass destroyed. It is well settled that opinions of farmers on matters in issue which are peculiarly within the knowledge of persons of their occupation are admissible.

Mr. Lawson in his work on Expert and Opinion Evidence, p. 15, says: "The opinions of farmers concerning the value of land, crops, stock or services, and the damages done thereto, are admissible." See also, *Townsend v. Brundage,* 4 Hun, 264; *Wallace v. Finch,* 24 Mich. 255.

It follows from what has been said that the objection to the question propounded to Larsen was properly overruled. And although the answer might have been stricken out, upon motion, for the reason that the witness stated the value to him, instead of answering the question propounded, the attention of the trial court was in no way called to this departure by a motion to strike out, or otherwise, and it cannot be raised for the first time in this court.

Aside from the amount of plaintiff's damage, the liability of appellant is fully established. The company elected to

submit the issues upon the evidence introduced by plaintiff and offered no evidence to overthrow the case as thus made, and, as we have stated, now ask for a reversal solely upon the alleged failure of proof of damages. While the competency of the witnesses as to the amount of damages is not as fully established as good practice requires in contested cases, we are clearly of the opinion that the evidence is sufficient *prima facie* to support a recovery. If the judgment rested upon conflicting evidence, plaintiff in error's claim for reversal would rest upon stronger ground. It is for the lowest estimate placed upon plaintiff's damages, and we see no reason for interfering with the result. A careful examination of all the evidence convinces us that the judgment does substantial justice between the parties, and it will therefore be affirmed.

*Affirmed.*