[Argued July 26; decided October 23, 1893.]

## LOGUS, Administrator, *v.* HUTSON.

[S. C. 34 Pac. Rep. 477.]

Clackamas County: Frank J. Taylor, Judge.

Defendant appeals.

*A. S. Dresser,* for Appellant.

*S. Huelet,* for Respondent.

Per Curiam.—This is a suit in equity to quiet title to real property, under section 504 of the Code. The only question necessary to determine on this appeal is one of adverse possession. Both parties claim title through William Holmes, the original donation claimant—the plaintiff through a deed to one Holland made and recorded in 1859, and sundry mesne conveyances; and the defendant through a deed to Sarah Hood made and recorded in 1858, and a conveyance from her to him. The Holland deed described the land as "One acre of land lying on my land claim, bounded as follows: On the north by R. R. Thompson, on the east by lots owned by Jeffers, on the west by the county road," and the Hood deed as "Lot number one in block number thirteen, as surveyed by L. F. Carter," etc., but for the purposes of this case we may assume that both descriptions covered the same property.

The evidence shows conclusively, and, in fact, there is really no substantial dispute in the testimony, that Holland and his grantees, including the plaintiff, entered upon and have been in the open, exclusive, and adverse possession of the property described in the deed from Holmes to him and in dispute in this case, under a claim of title for more than ten years prior to the commencement of this

suit, and that neither the defendant nor his said grantor have been in possession of the property at any time since the deed from Holmes to Hood, nor did they suppose or claim that they owned any interest therein until it was discovered some time after the purchase by the defendant in 1883 that the deed from Holmes to Hood and from her to the defendant did not include the property supposed to be conveyed thereby, but the property in controversy. For this reason defendant now asserts title to the property in dispute, notwithstanding the fact that the location of the property purchased by him in 1883 was shown him before the purchase, and he entered upon and ever since has continued to occupy and improve the same. But as we have already suggested, his rights, if any, were long since barred by the statute of limitations, and the decree must be AFFIRMED.