No. 14,721.

CITY AND COUNTY OF DENVER *v.* MINSHALL.
(121 P. [2d] 667)

Decided January 19, 1942.

Mr. MALCOLM LINDSEY, Mr. FRANK L. HAYS, Mr. E. L. FUNDINGSLAND, for plaintiff in error.

Mr. HORATIO S. RAMSEY, Messrs. ALTER & UPTON, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as the city and Minshall, respectively.

The city brought suit to condemn 639 acres of Minshall's land, paying into court its appraised value of $8,000 and taking possession. Minshall answered and on trial to a jury had verdict and judgment for $13,750. To reverse that judgment the city prosecutes this writ. Five errors are assigned, i. e., 1. Incompetency of witnesses; 2. incompetent testimony of Minshall; 3. refusal of a tendered instruction; 4. the giving of instructions 3 and 7; 5. excessive verdict.

1. Minshall's witnesses, Kidder, McMillan, and Hansen, testified as to value. It is objected that they were not qualified as experts, that they were permitted to give opinions before qualification, and knew of no actual voluntary sale of similar property in the vicinity within reasonable time limits. We are not concerned with the academic question as to whether these witnesses were, technically speaking, experts. All were real estate dealers of considerable experience. One had dealt in and farmed lands in such localities. Another knew the property in question and had appraised similar tracts. They appeared to have a pretty definite idea of the meaning of market value, notwithstanding that under searching cross-examination, they made statements and dropped remarks which furnished some basis for argument to the contrary. At least two of them were permitted to express opinions on value before their qualifications were clearly shown. This is strenuously objected to. It was irregular of course. But after qualification the testimony was admissible. There could be no possible object in striking and then re-introducing it. The point is trifling. Were lack of knowledge of similar voluntary sales, as above mentioned, a criterion, land might be taken at a purchaser's option. In earlier times railways were built across our limitless and practically uninhabited and uncultivated prairies where no such sales had ever been heard of. That fact could be no justification for the unremunerated seizure of a settler's homestead. Given the elements which make up market

value a jury could reach its own conclusions therefrom though no witness fixed a figure. The witnesses were clearly competent. *Mountz v. Apt,* 51 Colo. 491, 119 Pac. 150; *Denver v. Lyttle,* 106 Colo. 157, 103 P. (2d) 1; *Denver v. Quick,* 108 Colo. 111, 113 P. (2d) 999.

2. In support of his conclusion on value Minshall testified as to the use to which the land had been put, what was raised on it, crops, livestock, etc. The city insists that thus an erroneous measure of value was applied. This does not follow. True, the measure is market value, not value in use. The latter may, however, in proper cases, be some guide to the former. Instruction No. 4 gave the jury the correct rule as to value and under the circumstances of this case Minshall's testimony could properly be considered in applying that rule. *Chicago, R.I. & P. Railway Co. v. Larsen,* 19 Colo. 71, 34 Pac. 477; *Denver v. Quick, supra.*

3. The city's tendered instruction (unnumbered in the abstract) which was refused, was probably a correct definition of market value. However, said instruction No. 4 was likewise correct and a little more specific, and for that reason we think preferable. Both should not have been given, hence there was no error in the refusal.

4. The court's instruction No. 3 read in part: "Where land has a well established market value that value *should* govern." The city insists that error was committed in that the word used should have been *"must."* We think the objection captious. The remainder of the instruction, plus said instruction No. 4, puts the rule beyond doubt and the jury could not have been misled.

The court's instruction No. 7 was a proper caution against assuming that hearsay, which entered into the opinion given by an expert, established the element as a fact. The city's objection was that the instruction "states that the testimony * * * is based upon *history;* whereas, said testimony * * * is the result of inquiries

made by said witness." Perhaps "history" should be read "hearsay." The word is immaterial; the point attempted is a distinction without a difference. The assignment is without merit.

5. It is urged the verdict is grossly excessive. Competent evidence in the record fixes the value both higher and lower than found by the jury. Under a well established rule the finding must stand.

The judgment is affirmed.

Mr. Justice Bock specially concurring.

Solely because of what was determined by the majority of the court in *Denver v. Lyttle*, 106 Colo. 157, 103 p. (2d) 1, and *Denver v. Quick*, 108 Colo. 111, 113 P. (2d) 999, I concur.