**COLORADO MOUNTAIN PROPER-TIES, INC., a Colorado corporation, Plaintiff–Appellee,**

**v.**

**Peter HEINEMAN, Defendant–Appellant.**

**No. 92CA1697.**

Colorado Court of Appeals, Div. III.

Sept. 9, 1993.

Bradley, Campbell, Carney & Madsen, Victor F. Boog, Denver, for plaintiff-appellee.

Phillip C. Gans, P.C., Phillip C. Gans, Denver, for defendant-appellant.

Opinion by Judge TURSI.

In this condemnation action, defendant, Peter Heineman, appeals from the judgment of the trial court awarding plaintiff, Colorado Mountain Properties, Inc., an easement over the existing roadway on defendant's property. We affirm.

Plaintiff is the owner of a large tract of land located in the foothills outside of the City of Denver. The property, which is landlocked, lies adjacent to defendant's property. Defendant's property, consisting of 14 lots and 4 improved parcels, abuts a public road. Both properties have been subdivided and are intended for residential development.

In anticipation of development, defendant constructed a roadway that traversed his property. Plaintiff attempted to obtain an easement from defendant. However, negotiations with defendant proved unsuccessful, and plaintiff initiated this action seeking to obtain an easement by condemnation pursuant to Colo. Const. art. II, § 14 and § 38–1–101, et seq., C.R.S. (1982 Repl. Vol. 16A).

Trial was held to the court which awarded plaintiff an easement over defendant's roadway. The trial court also concluded

that the access to the roadway would render two of defendant's lots unusable and included those lots in the taking. As damages, the trial court awarded a nominal amount of $100 for the roadway easement and $70,800 for the two condemned lots. Only the nominal damage award is being contested in this appeal.

We note, in this regard, that neither party challenges the trial court's authority to award nominal damages in excess of $1, *see Colorado Investment Services, Inc. v. Hager*, 685 P.2d 1371 (Colo.App.1984), and we, therefore, will not address that aspect of the nominal damage award.

## I.

■ Initially, plaintiff argues that, inasmuch as defendant withdrew the full sum of $70,900 that was on deposit with the registry of the trial court and, thus, received satisfaction of the total judgment awarded, this appeal should be dismissed pursuant to § 38–1–111, C.R.S. (1982 Repl. Vol. 16A). Under the totality of the circumstances here, we disagree.

■ Generally, one who accepts the benefits of a judgment may not seek reversal of that judgment on appeal. *In re Marriage of Lee*, 781 P.2d 102 (Colo.App. 1989). Underlying this rule is the possibility that the appeal may lead to a result showing that the party is not entitled to what has been received under the judgment from which the appeal is taken. *Elk River Associates v. Huskin*, 691 P.2d 1148 (Colo. App.1984). However, an appeal may be taken if the provisions of the judgment being challenged are not mutually dependent on those provisions from which the party has accepted benefits, and the reversal of the former will not require reversal of the latter. *Rasheed v. Mubarak*, 695 P.2d 754 (Colo.App.1984).

Defendant acknowledges that he received $70,900 from the court registry, but he contends that, inasmuch as he does not seek reversal of the judgment in regard to

the taking of the two lots or as to the amount of damages awarded for them, it was only that award which he intended to satisfy. He asserts that, as the appeal demonstrates, he always intended to challenge the nominal damages awarded for the roadway easement as insufficient and erroneous as a matter of law and maintains further that his request for a release of funds from the court registry inadvertently included the $100 nominal damage award.

In support of his claim, defendant has submitted a copy of a check made payable to the court registry in the amount of $100. Although there is no indication in the record before us that the check was accepted and deposited, we nevertheless are satisfied that defendant did not intend to take advantage of the nominal damage award.

Therefore, we conclude that dismissal of this appeal upon an admitted clerical oversight would simply advance form over substance and would frustrate rather than promote the function of courts which is to adjudicate fully the issues presented by the parties. *See Mizar v. Jones*, 157 Colo. 535, 403 P.2d 767 (1965). Thus, we will consider the merits of defendant's appeal.

## II.

■ In challenging the nominal damages awarded for the roadway easement, defendant first contends that the trial court erred by failing to award damages for the diminution in value caused by the taking to his remaining property. We disagree.

■ When a portion of a landowner's property is taken, just compensation includes damages for injury to the remainder of the property as well as payment for the portion actually taken. Section 38–1–114(2)(c), C.R.S. (1993 Cum.Supp.); *La Plata Electric Ass'n, Inc. v. Cummins*, 728 P.2d 696 (Colo.1986). The proper measure of compensation for damage to the remainder is the reduction in market value of the remaining property that was caused by the taking. *Herring v. Platte River Power Authority*, 728 P.2d 709 (Colo.1986).

Here, defendant testified that he was forced to price the remaining lots low because the pending condemnation action could possibly result in a loss of privacy, an increased traffic flow, and an inability to construct a security gate at the entrance to the subdivision. However, the record contains contradictory and conflicting evidence on these matters. Based on such evidence, the trial court found that the impact from the resulting traffic would be *de minimis*. Further, the trial court determined there was insufficient evidence presented to support a finding of diminution in value to defendant's improved lots.

■ In a trial to the court, it is for the court to draw inferences and to reach conclusions based on the evidence presented and to assess the credibility of witnesses. *Worthen Bank & Trust v. Silvercool Service Co.*, 687 P.2d 464 (Colo.App.1984). We conclude that the record supports the trial court's determination that diminution, if any, of the value of defendant's remaining property was *de minimis*.

### III.

■ Defendant next asserts that the trial court erred when it failed to award damages based on defendant's allegations that he was forced to list his lots at a lower price because of the condemnation action. Again, we disagree.

Generally, compensation in a condemnation action is measured either at the time the petitioner is authorized to take possession or at the date of the trial or hearing in which compensation is assessed. Section 38–1–114(1), C.R.S. (1992 Cum.Supp.).

■ Here, the trial court's refusal to award damages based on the purportedly lower sales prices of defendant's lots was consistent with that rule. Moreover, even if defendant had properly raised the issue of such damages in derogation of the general rule governing compensation, the trial court, within its proper discretion, found

that the defendant had failed to meet the burden of establishing such claimed loss.

As the record shows, there was conflicting evidence whether the roadway easement would result in an increase of traffic that would affect the value of defendant's property. The appraisal completed by defendant's expert also indicated that higher prices could have been realized for the lots sold without a drastic increase in the time required to sell them. Testimony from defendant further revealed that he never attempted to sell the lots at a higher price nor that he conditioned the sale price upon the actual increase of traffic due to the roadway easement. The record also disclosed that defendant had retained the right to grant non-exclusive easements over his property before any of the lots were sold. Thus, there was no error.

### IV.

■ We similarly reject defendant's contention that the trial court erred in refusing to award damages based on the development costs of the roadway.

■ In a condemnation proceeding, compensation is to be based on market value. *City & County of Denver v. Minshall*, 109 Colo. 31, 121 P.2d 667 (1942). Other factors such as replacement costs or repair costs are admissible only if they aid in a determination of market value. *Dandrea v. Board of County Commissioners*, 144 Colo. 343, 356 P.2d 893 (1960); *Farrar v. Total Petroleum, Inc.*, 799 P.2d 463 (Colo.App.1990).

Here, the trial court's award of nominal damages was based on its finding that there was no evidence presented of any additional cost of the roadway other than evidence of the initial costs which were not associated with the subsequent grant of the access easement. Because the record supports that finding, we conclude that the trial court's refusal to consider the evidence of prior cost was not error.

■ As for defendant's contentions of error based on his counterclaims for relief

under C.R.C.P. 105(e) and the theory of unjust enrichment, the record shows that the development costs expended by defendant in building the roadway would have been incurred by him regardless of whether plaintiff pursued his rights in condemnation. The trial court, thus, properly concluded that the defendant suffered no prior loss by the granting of an easement to plaintiff. However, in recognition of the benefit to be enjoyed by plaintiff, the trial court did assess the taking of the two lots and further imposed the requirement that all lot owners share proportionately in the expense of upkeep for continued use of the easement.

### V.

Defendant also contends that he was entitled to damages for delay caused when plaintiff first threatened to bring this condemnation action and subsequently when it filed a *lis pendens.* We disagree.

At the time that defendant incurred expenses associated with the roadway, defendant knew through discussions with plaintiff of the landlocked nature of plaintiff's property, and that plaintiff had an existing claim of right to bring a condemnation action. *See Bear Creek Development Corp. v. Dyer,* 790 P.2d 897 (Colo.App.1990). The trial court, therefore, correctly determined that any damages attributed to delay were not recoverable in this action. Further, as we have already noted, the proper measure of damages in a condemnation action is market value and diminution in value to the remainder.

### VI.

Finally, defendant asserts that plaintiff's right to bring an action in condemnation was barred by the applicable statute of limitations. However, based on the evidence before the trial court, we are satis-

fied that it did not commit error by rejecting this defense.

Judgment affirmed.

JONES and VAN CISE *, JJ., concur.